NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2011[*]
Decided August 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3691

| | |
|---|---|
| ELOIS POOLE-CLAYTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 C 3949 |
| LISA MADIGAN, et al., | |
| *Defendants-Appellees.* | Matthew F. Kennelly, |
| | *Judge.* |

**O R D E R**

Elois Poole-Clayton claims that the Illinois attorney general, an assistant state's attorney, two Chicago police officers, and four public defenders deprived her of rights secured by the United States Constitution. The complaint is difficult to parse but seems to allege that Poole-Clayton was arrested for a crime she did not commit. The complaint also appears to allege that Poole-Clayton's pursuit of a remedy in state court has been derailed

---

[*]The defendants-appellees were not served with process in the district court and are not participating in this appeal. After examining the plaintiff-appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the plaintiff-appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

by "misconduct" and "deceit." The district court dismissed the suit, observing that the complaint "is unintelligible to a significant extent" and fails to state a claim against any of the defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Two months later Poole-Clayton filed a motion to reconsider, but the court refused to disturb the judgment because Poole-Clayton had not raised any "proper" basis. Poole-Clayton then filed a notice of appeal.

In an earlier order we explained that Poole-Clayton's notice of appeal is not timely as to the entry of judgment. *See* FED. R. APP. P. 4(a)(1)(A). Accordingly we limited our review to the motion for reconsideration. Nevertheless, Poole-Clayton's appellate brief simply elaborates on her grievances against the Illinois attorney general; it does not mention the motion for reconsideration, much less develop a legal argument why the district court was wrong to deny her relief. *See* FED. R. APP. P. 28(a)(9)(A). We construe all pro se filings generously, but we may not invent arguments on the litigant's behalf. *Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001). Because Poole-Clayton's brief does not comply with the requirements of Rule 28, we will not entertain her appeal.

DISMISSED.